UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMES O. FLYNN

Defendant.
_____/

No. 1:17-cr-37

Hon. PAUL L. MALONEY
U.S. District Judge

PLEA AGREEMENT

This constitutes the plea agreement between the Defendant, James O. Flynn, and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>The Defendant Agrees to Plead Guilty</u>. The Defendant agrees to plead guilty to Count 3 of the Indictment. Count 3 charges the Defendant with possession of an unregistered firearm, namely a short-barreled shotgun, in violation of Title 26, United States Code, Section 5861(d).

2. <u>The Defendant Understands the Crime</u>. In order for the Defendant to be guilty of violating Title 26, United States Code, Section 5861(d), the following must be true: (1) the Defendant knowingly possessed a short-barreled shotgun; (2) which was not registered to the Defendant in the National Firearms Registration and Transfer Record; and (3) the Defendant had

knowledge of the characteristic of the short-barreled shotgun that brought it within the definition of a firearm under Title 26, United States Code, Section 5861, namely that the shotgun had a barrel less than 18 inches in length. The Defendant is pleading guilty because the Defendant is guilty of the charge described above.

3. <u>The Defendant Understands the Penalty.</u> The statutory maximum sentence that the Court can impose for a violation of Title 26, United States Code, Section 5861(d), is the following: 10 years' imprisonment; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100. The Defendant agrees to pay the special assessment at or before the time of sentencing unless the Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. <u>Supervised Release Defined.</u> Supervised release is a period of time following imprisonment during which the Defendant will be subject to various restrictions and requirements. The Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

5. <u>Forfeiture.</u> The Defendant specifically agrees to forfeit all rights, title, and interest in the following firearm, seized by law enforcement officials

on November 22, 2016, which the Defendant admits was involved in or used in the knowing commission of the offense: a sawed-off Mossberg 185 K-A 20-gauge shotgun with an unknown Serial Number. The Defendant agrees to the entry of an order of forfeiture with respect to this firearm, at or before sentencing.

6.   <u>Abandonment</u>. The Defendant further agrees to abandon the following firearms and ammunition that were seized by law enforcement on November 22, 2016, the Defendant's possession of which the Defendant agrees constitutes relevant conduct, pursuant to U.S.S.G. § 1B1.3, to the offense to which the Defendant is pleading guilty: a Ruger P94 .40-caliber pistol (Serial Number 341-62233) loaded with approximately 10 rounds of Winchester .40-caliber ammunition; a magazine containing approximately 10 rounds of Winchester .40-caliber ammunition; a Ruger 10/22 .22-caliber rifle (Serial Number 11465715) loaded with approximately 10 rounds of Remington .22-caliber ammunition; a bag containing approximately 32 rounds of Remington .22-caliber ammunition; three boxes containing approximately 329 rounds of Winchester .40-caliber ammunition; two Winchester 94 30-30-caliber rifles (Serial Numbers 2828062 and 3081896); approximately 139 rounds of Remington .22-caliber ammunition; approximately 100 rounds of Remington 20-gauge shotgun shells; approximately 63 rounds of Winchester 20-gauge shotgun shells; and approximately 85 rounds of Federal 20-gauge shotgun shells.

The Defendant further acknowledges that the Government has agreed that, if possible and if not prohibited by administrative forfeiture procedures already in effect, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) will return to a family member of the Defendant's two of the firearms that were seized by law enforcement on November 22, 2016, the Defendant's possession of which the Defendant agrees constitutes relevant conduct pursuant to U.S.S.G. § 1B1.3: an Iver Johnson Champion 20-gauge shotgun (Serial Number 86365B), and an Ithaca M-49 .22-caliber rifle (Serial Number 268399). The Defendant agrees that the family member to whom these two firearms will be transferred must not be a prohibited person as defined by 18 U.S.C. § 922(g), and the Defendant acknowledges that these two firearms may not, under any circumstances, be returned to the Defendant or come into the Defendant's possession or under his control. In the event the ATF is unable to return these two firearms to a qualifying family member, the Defendant agrees to abandon them.

7. **Factual Basis of Guilt.** The Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts that establish the Defendant's guilt beyond a reasonable doubt and constitute relevant conduct pursuant to U.S.S.G. § 1B1.3, which facts need not be proven at the time of the Defendant's plea or sentencing: on November 22, 2016, in Kent County, Michigan, the Defendant knowingly possessed a sawed-off Mossberg 185 K-A

20-gauge shotgun with an unknown Serial Number, which had a barrel that the Defendant knew was less than 18 inches in length. The sawed-off Mossberg shotgun was not registered to the Defendant in the National Firearms Registration and Transfer Record. Also on November 22, 2016, the Defendant knowingly possessed the firearms and ammunition listed in Paragraph 6, above.

8. <u>The United States Attorney's Office Agrees</u>.

    a. <u>Dismissal of Other Counts/Charges.</u> The U.S. Attorney's Office agrees to move to dismiss the remaining counts of the Indictment against the Defendant at the time of sentencing. The Defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable Guidelines range, and the propriety of any departure from the calculated Guidelines range. By this agreement the Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

    b. <u>Acceptance of Responsibility.</u> The U.S. Attorney's Office agrees not to oppose the Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under § 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to the Defendant's request if it subsequently learns of conduct by the Defendant

that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government states that the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, thereby permitting the Government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

  c. <u>Prison Placement.</u> The U.S. Attorney's Office will not object to a request by the Defendant that the Court recommend that the Defendant be confined at any particular institution. Both parties acknowledge that the Bureau of Prisons, in its sole discretion, decides prison placement and that, while the Bureau often gives deference to a Court's recommendation, the Bureau is not required to follow the Court's recommendation.

  9. <u>The Sentencing Guidelines</u>. The Defendant understands that, although the United States Sentencing Guidelines are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the Defendant. The Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The Defendant understands that the Defendant and the Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning

the calculation of the Guidelines range and the sentence to be imposed. The Defendant further understands that the Court shall make the final determination of the Guidelines range that applies in this case, and may impose a sentence within, above, or below the Guidelines range, subject to the statutory maximum penalties described elsewhere in this Agreement. The Defendant further understands that disagreement with the Guidelines range or sentence shall not constitute a basis for withdrawal of the plea.

10. **No Agreement About the Final Sentencing Guidelines Range.** The Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate Guidelines range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments, and departures.

11. **Waiver of Constitutional Rights.** By pleading guilty, the Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the Defendant would have had the following rights:

    a. The right to the assistance of counsel, including, if the Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the Defendant.

b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove the Defendant guilty beyond a reasonable doubt.

c. The right to confront and cross-examine witnesses against the Defendant.

d. The right, if the Defendant wished, to testify on the Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e. The right not to be compelled to testify, and, if the Defendant chose not to testify or present evidence, to have that choice not be used against the Defendant.

f. By pleading guilty, the Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

12. <u>Waiver of Other Rights.</u>

a. <u>Waiver.</u> In exchange for the promises made by the government in entering this plea agreement, the Defendant waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

    b.    <u>Exceptions.</u> The Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

        i.    the Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

        ii.    the Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

        iii.    the district court incorrectly determined the Sentencing Guidelines range, if the Defendant objected at sentencing on that basis;

        iv.    the defendant's sentence is above the Sentencing Guidelines range as determined by the court at sentencing and is unreasonable;

        v.    the guilty plea was involuntary or unknowing;

        vi.    an attorney who represented the defendant during the course of this criminal case provided ineffective assistance of counsel.

    If the Defendant appeals or seeks collateral relief, the defendant may not present any issue in the proceeding other than those described in this subparagraph.

    c.    <u>FOIA Requests.</u> The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any

department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. <u>The Court is not a Party to this Agreement.</u> The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. The Defendant understands that no one—not the prosecutor, the Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence the Defendant will receive, except that it will be within the statutory maximum.

14. <u>This Agreement is Limited to the Parties.</u> This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. This agreement applies only to crimes committed by the

Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

15. <u>Consequences of Breach.</u> If the Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which the Defendant would otherwise be entitled under the terms of this agreement. If the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one year of the breach that gives rise to the termination of this agreement.

16. <u>This is the Complete Agreement.</u> This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding of the parties. No other promises have been made, nor

may any additional agreements, understandings, or conditions be entered into unless in a writing signed by all parties or on the record in open court.

ANDREW BYERLY BIRGE
Acting United States Attorney

___3/22/2017___
Date

_____
KATE ZELL
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

___3/22/2017___
Date

_____
JAMES O. FLYNN
Defendant

I am James O. Flynn's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

___3/22/17___
Date

_____
SHARON TUREK
Attorney for Defendant

12